UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERN, INC.,

    *Plaintiff,*

v.

GLASSCRAFTERS, INC.,

    *Defendant.*

Civil Action No. 16-1815

**OPINION FOR PUBLICATION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Defendant Glasscrafters Incorporated's ("Defendant" or "Glasscrafters") motion to dismiss Plaintiff Robern Incorporated's ("Plaintiff" or Robern") Complaint for failure to state a claim.[1] This case concerns allegations that Glasscrafters improperly infringed on Plaintiff's patent for mirrored medicine cabinets. The issue raised is straightforward but has not yet been addressed in this District since December 2015 when Federal Rule of Civil Procedure 84 was abrogated. Defendant argues that the plausibility pleading requirement set forth by the Supreme Court of the United States in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to Plaintiff's Complaint for direct patent infringement. For the reasons stated below, the Court agrees that the *Iqbal/Twombly* standard applies and that Plaintiff has not met it in its Complaint. As a result, the

---

[1] Defendant's Brief in support of its Motion to Dismiss will be referred to hereinafter as "Def. Br." (D.E. 9), Plaintiff's Opposition to Defendant's brief will be referred to hereinafter as "Pl. Opp." (D.E. 10), and Defendant's Reply Brief in support of its Motion to Dismiss will be referred to hereinafter as "Def. Reply" (D.E. 11).

Court grants Defendant's motion. However, the dismissal is without prejudice, and Plaintiff may file an amended complaint within 30 days.

## I. BACKGROUND

### A. Factual Background[2]

Robern is a Pennsylvania corporation that engages in "residential storage solutions, creating cabinets, vanities, mirrors, lighting and accessories for bathrooms, hallways, foyers, and more." Compl. ¶¶ 6, 1. Robern asserts that it is likely best known for its innovation in designing mirrored bath cabinets. *Id.* ¶ 7. It has a global customer base and "continually invests in the engineering, design, and development of new residential storage solutions." *Id.* ¶ 10. Currently, Robern owns "numerous patents worldwide on innovations in the residential storage solutions industry." *Id.* ¶ 11.

One such patent is Patent No. 6,092,884 ("the '884 patent"), which is at issue in this matter. *Id.* ¶ 12. The '884 patent, entitled "Door for Cabinet and Method for Constructing Same," was issued to Robern by the United States Patent and Trademark Office on July 25, 2000. *Id.* ¶ 13. The patent describes an "original and unique mirrored cabinet door." *Id.* ¶ 12. It contains fourteen claims, comprised of two independent claims and twelve dependent claims. *Id.* Ex. A. Claim 1 is independent and claims 2-8 are dependent on Claim 1; Claim 9 is independent and claims 10-14 are dependent on Claim 9. *Id.*

---

[2] The factual background is taken from the Complaint (D.E. 1) ("Compl."). When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

Glasscrafters is a New Jersey corporation that presumably competes with Robern in the cabinet industry. *Id.* ¶ 2. With respect to patent '884, the critical paragraph in the Complaint alleges that:

> [n]otwithstanding Robern's rights, Glasscrafters, without permission or authorization, is manufacturing, offering for sale, and selling certain cabinets, including cabinets marketed under the GC1624, GC1630, GC1636, GC2030, GC2036, GC2430, and GC2436 model numbers (and any other similarly configured products (collectively, the 'Infringing Mirrored Cabinets')), which infringe at least one claim of the '884 patent.

*Id.* ¶ 15. Plaintiff alleges direct infringement is a violation of 35 U.S.C. § 271(a). *Id.* ¶¶ 20, 21.

### B. Procedural Background

On March 31, 2016, Plaintiff filed its Complaint. Defendant filed the instant motion to dismiss on April 20, 2016, which Plaintiff has opposed. Defendant argues that the Complaint must be dismissed because it does not meet the plausibility standard required by the Supreme Court in *Iqbal* and *Twombly*. Plaintiff contends that the Complaint is properly pled,[3] and in any event Defendant will be receiving more detailed information pursuant to the District of New Jersey's Local Patent Rules.

## II. DISCUSSION

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Pleading requirements are governed by Federal Rule of Civil Procedure 8(a), which requires a pleading to contain "a short and plain

---

[3] In fact, Plaintiff acknowledges that the proper pleading standard in this case is facial plausibility pursuant to *Iqbal* and *Twombly*. Pl. Opp. at 4. Plaintiff also acknowledges that "the recent amendments to the Federal Rules of Civil procedure abrogated Rule 84, which provided the basis for pleading standards for direct patent infringement through Form 18." *Id.* at 5. Yet, Plaintiff incongruously argues that while Rule 84 and Form 18 have been abrogated, the pleading standards required by Rule 18 have not changed.

3

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Originally, Rule 8(a) was interpreted liberally, requiring plaintiffs to merely provide defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, the Supreme Court in *Twombly* held that a civil complaint must go beyond providing mere notice, and instead a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." 550 U.S. at 570 (referring to the standard in *Conley* as "an incomplete, negative gloss on an accepted pleading standard"). The Third Circuit has since applied the *Twombly* standard, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008), and the Supreme Court reiterated the applicability of the plausibility standard in *Iqbal*, 556 U.S. 662. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted).

As a result, to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips*, 515 F.3d at 231. This assumption of truth applies only to factual allegations, and a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). The plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A claim of patent infringement is governed by 35 U.S.C. § 271(a), which states, "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent." Although the *Iqbal/Twombly* standard applies to "all civil actions," its applicability to patent cases has been interpreted differently among federal courts. This disparity was largely due to then Rule 84 of the Federal Rules of Civil Procedure, which provided guidance as to what constituted a sufficiently pled claim. Rule 84 stated that "[t]he Forms in the Appendix . . . illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. Form 18 in the Appendix of Forms (the "Forms"), entitled "Complaint for Patent Infringement," provided an example for pleading a claim of direct patent infringement. However, Rule 84 was abrogated in December 2015. As a result, Form 18 was likewise abrogated.

Before Rule 84's abrogation, courts took different views as to whether *Iqbal/Twombly* required a higher standard of pleading than Form 18 indicated. *See Vaughan Co. v. Global Bio–Fuels Tech., LLC*, No. 12 Civ. 1292, 2012 WL 5598501, at *2 (N.D.N.Y. Nov. 15, 2012) ("Courts are divided as to whether allegations of direct patent infringement need only mirror those contained in Form 18 of the Federal Rules of Civil Procedure or the more strict pleading requirements of *Iqbal*.") (footnote omitted). Form 18 required a plaintiff to merely assert the following:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*K–Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

The Federal Circuit, in a series of cases, analyzed the pleading standard required by Form 18 in light of *Iqbal/Twombly*. These cases, noting the potential discrepancy between

5

*Iqbal/Twombly* and Form 18, consistently found that "the Forms control." *K–Tech Telecomm., Inc.*, 714 F.3d at 1283; *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (finding any conflict between *Twombly* and its progeny and the Form pleading requirements would be decided in favor of the Forms); *McZeal*, 501 F.3d at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) (acknowledging the deficiencies in Form 18 under *Twombly*, but stating that "[courts are] required to find that a bare allegation of literal infringement in accordance with Form [18] would be sufficient under Rule 8 to state a claim."). The Federal Circuit reasoned that the Supreme Court could not make changes to a Federal Rule of Civil Procedure so that Rule 84, and hence Form 18, was still valid. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d at 1334 ("As the Supreme Court has noted, [] any changes to the Federal Rules of Civil Procedure must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.") (internal quotations omitted); *McZeal*, 501 F.3d at 1360 (Dyk, J., concurring-in-part and dissenting-in-part).

In *In re Bill of Landing*, the Federal Circuit made clear that the "Forms are controlling only for causes of action for which there are sample pleadings." 681 F.3d at 1336. There, the court first found that a claim for direct infringement was properly pled if consistent with Form 18. *Id.* at 1334. However, if the allegation was one of *indirect* infringement, the Federal Circuit instead looked to the *Iqbal/Twombly* standard because there was no form addressing indirect infringement. *Id.* at 1337-39.

In *K-Tech*, the Federal Circuit heard an appeal from a district court's judgment dismissing plaintiff's amended complaints for failing to meet the plausibility standard. 714 F.3d at 1280. In reversing the district court, the *K-Tech* Court reiterated that if a conflict exists between *Iqbal/Twombly* and the Forms, "the Forms control." *Id.* at 1283. The court observed that the

6

Forms "effectively immunize[] a claimant from attack regarding the sufficiency of the pleading." *Id.* However, the court further indicated that "Form 18 in no way relaxes the clear principal of Rule 8." *Id.* at 1284.[4] The *K-Tech* Court went on to analyze the complaint according to both Form 18 and the plausibility standard, and determined that the complaint was sufficiently pled. *Id.* at 1286-87. The Court found plausibility largely because of the plaintiff's inaccessibility to the underlying infringing products. *Id.* at 1286. In *K-Tech*, plaintiff did not have access to the underlying products of defendants, which allegedly infringed plaintiff's patents, since defendants kept those products secret. *Id.* at 1285-87. As a result, plaintiff was forced to plead infringement through circumstantial evidence demonstrating that it was likely that defendants were infringing. *Id.* The court in *K-Tech* found that plaintiff's lack of access to the actual product did not foreclose plaintiff's case in light of the other, circumstantial allegations that were pled. *Id.* ("A defendant cannot shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible.").[5] Thus, the court found that plaintiff satisfied the pleading standard of Form 18. *Id.* at 1287.

Unlike the Federal Circuit, "[o]ther courts, however, have held that because the *Twombly/Iqbal* pleading standard applies to all civil cases, a patent infringement complaint must do more than simply assert the bare elements of a claim, and that a Form 18-style complaint will not suffice, in the aftermath of *Twombly* and *Iqbal*." *Gradient Enters., Inc. v. Skype Techs. S.A.*, 848 F. Supp. 2d 404, 407 (W.D.N.Y. 2012); *see also Medsquire LLC v. Spring Med. Sys. Inc.*, No. 11-4504, 2011 WL 4101093, at *2 (C.D. Cal. Aug. 31, 2011) (requiring *Iqbal/Twombly*

---

[4] Thus, the Federal Circuit appears to have set forth two distinct positions in *K-Tech*. First, the court ruled that if a plaintiff followed Form 18, its pleading was essentially "immunize[d]" from attack. Yet, the court also found that Form 18 was subject to the *Iqbal/Twombly* holdings.

[5] Here, there is no allegation that Robern could not access the products at issue.

7

plausibility pleading in cases of direct patent infringement); *Bender v. LG Elecs. U.S.A., Inc.*, No. 09-02114, 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010) (same).

For example, in *Macronix International Company, Limited v. Spansion Incorporated*, the Eastern District of Virginia applied Fourth Circuit law in holding that the *Iqbal/Twombly* standard applied to cases of direct patent infringement. 4 F. Supp. 3d 797, 802 (E.D. Va. 2014). The *Macronix* Court acknowledged that the Federal Circuit and the Fourth Circuit differed on their views of how *Iqbal* and *Twombly* affected the pleading standards. *Id.* at 801. The *Macronix* Court, following Fourth Circuit law, explained that the Supreme Court in *Iqbal* and *Twombly* were applying Rule 8(a), and "decisions by the Supreme Court that instruct how to apply the Federal Rules of Civil Procedure are controlling." *Id.* at 802. Thus, the *Macronix* Court concluded that "[t]here is no logical reason to exempt patent complaints from the plausibility requirements that apply to all other federal complaints." *Id.* at 803–04.

The present matter is an issue of first impression in this District. It is apparent to this Court that with the abrogation of Rule 84 and Form 18, there is no longer any credible conflict between Supreme Court precedent and Form 18. Both the Supreme Court and the Third Circuit have held that the *Iqbal/Twombly* pleading standard applies in all civil cases. *See Iqbal*, 556 U.S. at 684 (pleading standard applies in "all civil actions"); *W. Penn Allegheny Health Sys. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) ("Rule 8's pleading standard applies with the same level of rigor in all civil actions") (internal quotation marks omitted). Thus, the *Iqbal/Twombly* standard controls.

Defendant points to two cases that have interpreted allegations of patent infringement according to *Iqbal* and *Twombly* following the abrogation of Rule 84 and Form 18. Def. Br. at 11–12. The first case, *Incom Corporation v. The Walt Disney Company*, found that the abrogation of Rule 84 meant that Form 18 "no longer provides a safe harbor for pleading direct infringement."

8

No. 15-3011, 2016 U.S. Dist. LEXIS 71319, at *6 (C.D. Cal. Feb. 4, 2016). The *InCom* Court nevertheless found that the plaintiff had stated a plausible claim, sufficient to withstand *Iqbal/Twombly* scrutiny, because it had "specifically identif[ied] [d]efendants' products and alleg[ed] that they perform the same unique function as [p]laintiff's patented system." *Id.* at *8. The second case, *Raindance Technologies, Incorporated v. 10X Genomics, Incorporated*, held that the "existing standards" for pleading patent infringement were "*Iqbal* and *Twombly*". No. 15-152, 2016 U.S. Dist. LEXIS 33875, at *7 (D. Del. Mar. 4, 2016). Applying this standard to the plaintiff's complaint, the court concluded that the plaintiff had not plausibly pled infringement. *Id.*

Plaintiff attempts to distinguish these cases by arguing that they involve method claims and "address technologies that are far more complicated than the doors on Glasscrafters' accused cabinets." Pl. Opp. at 8. However, nowhere in either *RainDance* or *InCom* did the courts limit their rulings to method claims. And while it is true that pleadings are fact-specific so that more complicated material may require more detailed allegations, all pleadings must meet the plausibility standard regardless of the level of complexity of the patent in question. *See K-Tech*, 714 F.3d at 1286 ("[A]dequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities."); *cf. W. Penn Allegheny Health Sys.*, 627 F.3d at 98 (holding that the "plausibility" standard does not become a "probability" standard in complex cases).

Additionally, Plaintiff argues that the New Jersey Local Patent Rules require more detailed disclosures, when compared with the pleading standard, *after* filing the Complaint. Pl. Opp. at 9–10. Therefore, Plaintiff notes that more specificity of the allegations in the complaint is not required until "service of plaintiff's Disclosure of Asserted Claims and Infringement Contentions

under the Local Patent Rules." *Id.* at 8. In fact, Plaintiff attaches as Exhibit 1 to its opposition, disclosures pursuant Local Patent Rules 3.1 and 3.2. *Id.* Ex. 1. Plaintiff states that these disclosures "should eliminate any questions as to Robern's infringement claim against Glasscrafters, thereby mooting this motion." *Id.* at 10.

New Jersey Local Civil Rules merely supplement, and cannot be inconsistent with, the Federal Rules. *See* L. Civ. R. 1.1(a); L. Civ. R. 83.1. The pleading requirements of *Iqbal/Twombly* pertain solely to pleadings. Thus, after-the-fact disclosures cannot be used to supplement the pleadings and meet the *Iqbal/Twombly* standard. *CNA v. United States*, 535 F.3d 132, 138 n. 3 (3d Cir. 2008) (finding that a district court may not look outside the pleadings when considering a Rule 12(b)(6) motion). Ultimately, Plaintiff may be accurate as to the realistic outcome: Defendant will presumably receive far more detailed information pursuant to the New Jersey Local Rules than Plaintiff would have to plead. However, this does not remove Plaintiff's responsibility to comply in the first instance with the pleading requirements of Rule 8(a). *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 n.3 (3d Cir. 2000) ("[Plaintiff] is not free to add new factual allegations to comply with Rule 12(b)(6).").

Having determined that the *Iqbal/Twombly* plausibility standard applies to complaints alleging direct patent infringement, the Court next turns to whether Plaintiff has met the standard here. The Court concludes that Plaintiff's Complaint is not plausibly pled. Plaintiff does list Defendant's products which allegedly infringe, but this is not enough. Defendant correctly points out that Plaintiff made no attempt to describe the alleged infringement and also failed to relate factual assertions to the pertinent claims in the '884 patent. Def. Br. at 1. Instead, the Complaint merely states that Defendant's products "infringe[d] at least one claim of the '884 patent." Compl. ¶ 15. Essentially, Plaintiff has echoed the statutory language and the requirements of the now-

abrogated Form 18. This is not sufficient to meet the pleading standard under *Iqbal/Twombly*. Moreover, unlike the plaintiff in *K-Tech*, Plaintiff here has full access to the allegedly infringing products. To be clear, the Court is not indicating that Plaintiff must plead the same level of detail as it will disclose in its asserted claims and infringement contentions pursuant to the local rules. Yet, Plaintiff must nevertheless meet the plausibility standard required by *Iqbal* and *Twombly*.

Plaintiff further argues that a complaint for patent infringement is adequate under *Iqbal/Twombly* when the complaint "provides at least plausible facts that give Defendants notice of the technology they allegedly used without authorization." Pl. Opp. at 6–7 (citing *MyECheck, Inc. v. Zipmark, Inc.*, No. 14-2399, 2015 U.S. Dist. LEXIS 32980, at *4–5 (E.D. Cal. Mar. 17, 2015)) (internal quotation marks omitted). Additionally, Plaintiff asserts that nothing more is required than "sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed." *Id.* at 7 (citing *WAG Acquisition, LLC v. Multi-Media, LLC*, Nos.[6] 14-2340, 2015 U.S. Dist. LEXIS 121028, at *22 (D.N.J. Sept. 10, 2015)) (internal quotation marks omitted).

Both cases cited by Plaintiff, *MyECheck* and *WAG Acquisition*, were decided before Form 18 was abrogated. Yet, both cases apply the plausibility standard of *Iqbal/Twombly*. *See WAG Acquisition, LLC*, 2015 U.S. Dist. LEXIS 121028, at *21 ("WAG's complaints meet the standard of *Twombly* and *Iqbal*"); *MyECheck*, 2015 U.S. Dist. LEXIS 32980 at *4 (finding plaintiff's complaint "sufficient under the *Twombly/Iqbal* pleading standard"). In *MyECheck*, the issue was whether plaintiff adequately gave defendants "notice of the technology they allegedly used without authorization." 2015 U.S. Dist. LEXIS 32980 at *5. Here, there is no issue as to whether Plaintiff

---

[6] The following cases are also consolidated in the above cited decision: 14-2345, 14-2674, 14-2832, 14-3456, 14-4531, 15-3581.

11

gave adequate notice of Defendant's allegedly infringing products, so *MyECheck* is inapposite.[7] Moreover, *WAG Acquisition* supports the Court's ruling because the plaintiff in that matter included "detailed allegations of why Defendants infringe specific claims in each of the patents asserted." *WAG Acquisition*, 2015 U.S. Dist. LEXIS 121028, at *22. In this case, Plaintiff provides no such allegations.

Therefore, Plaintiff's Complaint fails to adequately state a claim sufficient to withstand the pleading requirements of *Iqbal/Twombly*.

### III.  CONCLUSION

The Court finds that Plaintiff's Complaint is subject to the *Iqbal/Twombly* pleading standards and that the Complaint is insufficiently pled. Thus, the Court **GRANTS WITHOUT PREJUDICE** Defendant's motion to dismiss. Plaintiff has 30 days to file an amended complaint. An appropriate order accompanies this opinion.

**Date:** July 22, 2016

JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE

---

[7] In *MyECheck*, the plaintiff licensed the technology at issue to the defendant. 2015 U.S. Dist. LEXIS 32980 at *1-2. Since the defendant held the technology in violation of this license, it is safe to assume that the product was, in fact, plaintiff's product.

12