**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ROBERN, INC., Plaintiff, -vs- GLASSCRAFTERS INC., Defendant. | : | Civil Action No. 2:16-cv-01815-JMV-MF *Document Filed Electronically* |

**AMENDED COMPLAINT**

Plaintiff Robern, Inc. ("Robern"), by and for its Complaint against Defendant Glasscrafters Inc. ("Glasscrafters"), alleges to the Court as follows:

**PARTIES**

1. Robern is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 701 North Wilson Avenue, Bristol, Pennsylvania 19007.

2. Robern is informed and believes that Glasscrafters is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business located at 193 Veterans Boulevard, Carlstadt, New Jersey 07072.

**JURISDICTION**

3. This is an action for patent infringement arising out of Glasscrafters' unauthorized manufacturing, offering for sale, and selling mirrored medicine cabinets in violation of Robern's patent rights. Because this is an action for infringement under the patent laws of the United

States, 35 U.S.C. § 271, *et seq*., this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Glasscrafters in that at all times pertinent hereto, upon information and belief, Glasscrafters is incorporated in and conducts systematic business activities as well as is committing infringing acts within this District. More specifically and of particular relevance, upon information and belief, Glasscrafters manufactures, offers for sale, and sells certain mirrored medicine cabinets, including the accused mirrored medicine cabinets, at its principal place of business and through its distribution channels in this District to at least Krisaly Sales, LLC, a manufacturers' representative for kitchen and bath products in this District.

## VENUE

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Glasscrafters is a corporation that resides within this District.

## BACKGROUND

### ROBERN IS A MARKET LEADER FOR THE RESIDENTIAL STORAGE SOLUTIONS INDUSTRY

6. Robern, founded in 1968, now a subsidiary of Kohler Co., is a leader in residential storage solutions, creating cabinets, vanities, mirrors, lighting, and accessories for bathrooms, hallways, foyers, and more. Robern's founders believed in fostering and celebrating individual style with exceptionally designed, quality crafted, and highly personalized styling spaces.

7. Robern is likely best known for driving product innovation in the mirrored bath cabinet category with user-friendly features that improve the convenience of day-to-day living. These features include: interior electrical outlets, automatic mirror defoggers, safety lock boxes,

mirrored door interiors, lighting solutions, SAFESEAL™ gasketed frames, and cold storage compartments.

8. Robern is a recognized leader in residential storage solutions, and its products are well-known around the world by its global customer base in part because of Robern's extensive advertising and promotional efforts, which total millions of dollars each year.

9. Robern markets across many channels including, among others, the Internet, television, magazines, and newspapers.

10. Always an innovator, Robern continuously invests in the engineering, design, and development of new residential storage solutions, positioning itself as an industry and market leader.

11. Robern currently owns numerous patents worldwide on innovations in the residential storage solutions industry.

**THE PATENT-IN-SUIT**

12. Robern is the assignee and owner of United States Patent No. 6,092,884 ("the '884 patent"), which describes and discloses an original and unique mirrored cabinet door and a method for constructing the same.

13. The '884 patent, entitled "Door for Cabinet and Method for Constructing Same," was duly and legally issued by the United States Patent and Trademark Office on July 25, 2000, from Application Serial No. 08/915,362, filed on August 20, 1997, which was a continuation of Application Serial No. 08/685,131, filed on July 24, 1996. A true and correct copy of the '884 patent is attached hereto as Exhibit A.

## GLASSCRAFTERS SEEKS TO IMPROPERLY USE THE INVENTIONS CLAIMED IN THE PATENT-IN-SUIT

14. Robern owns the exclusive right, title, and interest in and to the inventions claimed in the ’884 patent.

15. Notwithstanding Robern’s rights, Glasscrafters, without permission or authorization, is manufacturing, offering for sale, and selling certain cabinets, including cabinets marketed under the GC1624, GC1630, GC1636, GC2030, GC2036, GC2430, and GC2436 model numbers (and any other similarly configured products (collectively, the “Infringing Mirrored Cabinets”)), which infringe at least one claim of the ’884 patent.

16. At least as early as the filing of this Complaint, Glasscrafters had actual notice of the ’884 patent.

## <u>COUNT I</u>

## INFRINGEMENT OF THE ’884 PATENT

17. Robern repeats and realleges each and every allegation contained in paragraphs 1-16, inclusive, as though fully set forth herein.

18. The ’884 patent is valid and enforceable.

19. Robern is the owner of all right, title, and interest in and to the inventions claimed in the ’884 patent. Robern is entitled to receive all damages and the benefits of all other remedies for Glasscrafters’ infringement.

20. Without permission or authorization from Robern, Glasscrafters has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell the Infringing Mirrored Cabinets, which infringe at least claims 1-5 and 8 of the ’884 patent (collectively, the “Asserted Claims”) in violation of 35 U.S.C. § 271(a).

21. More specifically, in violation of the Asserted Claims, Glasscrafters manufactures, promotes, and sells mirrored cabinets that have a door with a mirror mounted on the cabinet door frame that faces outwards into the room and a mirror mounted on the cabinet door frame that faces into the cabinet and is available for the user when the cabinet door is open. Both of the mirrors are mounted on the same side of the cabinet door frame with the reflective surfaces of the mirrors facing in opposite directions. Attached hereto as Exhibit B and incorporated by reference in its entirety, is a claim chart identifying specifically where each limitation of the Asserted Claims is found within the Infringing Mirrored Cabinets.

22. Glasscrafters' infringement of the '884 patent has injured Robern, and Robern is entitled to recover damages adequate to compensate it for such infringement. Because Glasscrafters' infringement has caused Robern to lose sales, Robern is entitled to recover lost profits. Alternatively or in addition, Robern is entitled to recover no less than a reasonable royalty.

23. Glasscrafters' conduct has caused and will continue to cause Robern substantial damage, including irreparable harm, for which Robern has no adequate remedy at law, unless and until Glasscrafters is enjoined from infringing the '884 patent.

**JURY DEMAND**

Robern demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

Wherefore, Robern prays for judgment as follows:

A. For a judgment that Glasscrafters has infringed the ’884 patent;

B. For an order preliminarily and permanently enjoining Glasscrafters and its officers, agents, employees, parents, subsidiaries, affiliates, divisions, successors, and all persons in privity or active concert or participation with Glasscrafters from infringing the ’884 patent;

C. For an award of damages in an amount subject to proof at trial under 35 U.S.C. § 284 together with pre- and post-judgment interest thereon;

D. For a finding that Glasscrafters’ infringement is willful and an award of increased damages for willful infringement pursuant to 35 U.S.C. § 284;

E. For an order finding that this case is exceptional under 35 U.S.C. § 285 and awarding Robern its reasonable attorneys’ fees, expenses, and costs incurred in this action; and

F. For an award of such other and further relief as this Court deems just and proper.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2 of the United States District Court for the District of New Jersey, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated court action or arbitration proceeding and know of no additional parties who should be joined in this action.

DATED: Newark, New Jersey
July 22, 2016

**EPSTEIN BECKER & GREEN, P.C.**

***By: s/James P. Flynn***
James P. Flynn
One Gateway Center
Newark, New Jersey 07102
(973) 642-1900
JFlynn@ebglaw.com

OF COUNSEL
Kadie M. Jelenchick
Michelle A. Moran
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-2400
kjelenchick@foley.com
mmoran@foley.com

***Attorneys for Plaintiff, Robern, Inc.***