**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERN, INC.,** | Civil Action No. 16-1815 (JMV) |
| **Plaintiff**, | |
| v. | |
| **GLASSCRAFTERS, INC.,** | OPINION |
| **Defendant.** | |

**Falk, U.S.M.J.**

This matter comes before the Court upon Defendant Glasscrafters, Inc.'s motion to stay this action pending the outcome of an *ex parte* reexamination of the patent at issue in this case by the United States Patent and Trademark Office. (CM/ECF No. 25.) The motion is opposed. (CM/ECF No. 128.) The motion is decided on the papers. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to stay is **granted**.

**BACKGROUND**

This is an action for patent infringement arising out of Defendant Glasscrafters, Inc.'s ("Glasscrafters") alleged unauthorized manufacturing and sale of mirrored

medicine cabinets in violation of Plaintiff Robern, Inc.'s ("Robern") patent rights. According to Robern, it is a "recognized leader in residential storage solutions" with its products "well-known around the world by its global customer base." (Am. Comp. ¶ 8.) Glasscrafters claims to be a "North American manufacturer and supplier of medicine cabinet products." (Counterclaim ¶ 9.)

Robern filed its original Complaint on March 31, 2016.  Following dispositive motion practice,[1] Robern filed an Amended Complaint on July 22, 2016, against Glasscrafters alleging infringement of Robern's United States Patent No. 6,092,884 (the "'884 patent") entitled "Door for Cabinet and Method for Constructing Same." (Am. Compl. ¶¶ 12-13.)  The Amended Complaint alleges that Glasscrafters manufactures and sells mirrored cabinets which infringe at least claims 1-5 and 8 of the '884 patent. (Id. at ¶ 20.)  Glasscrafters filed its Answer on August 11, 2016.  On August 26, 2016, Glasscrafters filed an Amended Answer and Counterclaim seeking a declaratory judgment that the '884 patent is invalid, unenforceable and non-infringed. (Counterclaim ¶ 1.)

Shortly before filing its Answer and Counterclaim, Glasscrafters filed a request with the United States Patent and Trademark Office ("USPTO") for an *ex parte* reexamination of claims 1-5 and 8 of the '884, the same claims at issue in this litigation.

---

[1]On April 20, 2016, Glasscrafters filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (CM/ECF No. 9)  On July 29, 2016, the Honorable John M. Vazquez entered an Order granting Glasscrafters's motion without prejudice and permitting Plaintiff to file an amended complaint. (CM/ECF No. 17.)

On September 2, 2016, the USPTO granted the request finding that a substantial new question of patentability affecting claims 1-5 and 8 exists; it has not issued an office action thereon.  (Certification of Richard Malagiere ("Malagiere Certif."), Ex. A.)

On September 20, 2016, Glasscrafters moved to stay this matter during the pendency of the reexamination of the '884 patent.[2]  Robern filed opposition on October 3, 2016.

The Court canceled an Initial Conference it had scheduled for early October pending the outcome of the instant motion. The parties have exchanged infringement and invalidity contentions and responses pursuant to L. Pat. R. §§ 3.1-3.4.  (Malagiere Certif. at ¶ 6.)

## LEGAL STANDARD

District courts have broad powers to stay proceedings.  Bechtel v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976).  Staying a patent case during reexamination is discretionary.  See Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001).  The party seeking a stay of a civil litigation bears the burden of demonstrating that a stay would be appropriate.  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  In the patent context, courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." Procter & Gamble v. Kraft

---

[2]Robern refused Glasscrafters's request to voluntarily dismiss the instant case without prejudice pending the outcome of the *ex parte* reexamination by the USPTO. (Malagiere Certif. at ¶¶ 4, 5.)

Foods Global, Inc., 549 F.3d 842, 849 (Fed. Cir. 2008); see also Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (citations omitted).

      This District has recognized a generally liberal policy toward granting stays pending patent reexamination by the USPTO.  See, e.g., Mondis Technology Ltd. v. LG Electronics, Inc., 2015 WL 7012747, at *5 (D.N.J. Nov. 12, 2015); Sabert Corp. v. Waddington N. Am., Inc., 2007 WL 2705157, at *5-6 (D.N.J. Sept. 14, 2007); Cima Labs Inc. v. Actavis Group HF, 2007 WL 1672229, at *9 (D.N.J. June 7, 2007).  This policy arises due to the potential for waste of a court's time and resources when a USPTO decision could drastically alter the nature of the litigation.  See WABCO Holdings, Inc. v. Bendix Commercial Vehicle Sys., 2010 WL 2628335, at *2 n.2 (D.N.J. June 28, 2010).  Most reported decisions of this Court considering the issue have granted a stay when a reexamination request was pending.  See Mondis Technology Ltd., 2015 WL 7012747, at *5 (citing Brass Smith, LLC v. RPI Indus., Inc., 2010 WL 4444717, at *6 (D.N.J. Nov. 1, 2010) (listing relevant cases)).  When courts have denied a stay pending a reexamination by the USPTO, it has most often been because the case was in a "late state of litigation, [ ] discovery was or would be almost completed, or the matter had been marked for trial." Mondis Technology Ltd., 2015 WL 7012747, at *5 (quoting GPAC, Inc. v. D.W.W. Enterprises, Inc., 144 F.R.D. 60, 64 (D.N.J.1992)).

A stay pending USPTO reexamination is not automatic. Brass Smith, LLC, 2010 WL 4444717, at *2. In deciding whether to stay a case pending reexamination of a patent, courts frequently consider three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and the trial of the case, and (3) whether discovery is complete and a trial date has been set. See WABCO, 2010 WL 2628335, at *2; APP Pharma, LLC v. Ameridose, LLC, 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011) (citing Xerox Corp. v. 3ComCorp., 69 F. Supp. 2d 404, 406 (W.D.N.Y.1999)). Courts "weigh [ ] the benefits of the stay against the costs" in analyzing these factors. Stryker Trauma S.A. v. Synthes (USA), 2008 WL 877848, at *1 (D.N.J. Mar. 28, 2008) (quoting Xerox Corp., 69 F. Supp. 2d at 406)).

## ANALYSIS

As set forth more fully below, a consideration of the factors weighs in favor of a stay.

### A. Prejudice to the non-moving party

The Court first considers whether a stay would unduly prejudice or present a clear tactical disadvantage to Robern. See Stryker Trauma S.A., 2008 WL 877848, at *1. In analyzing this factor, the Court weighs whether disadvantages from any delay are outweighed by advantages of permitting the USPTO to complete its reexamination before proceeding with the case. See ICI Uniqema v. Kobo Prods., Inc., 2009 WL 4034829, at

*2 (D.N.J. Nov. 20, 2009). "[D]elay inherent to the reexamination process does not constitute, by itself, undue prejudice." CCP Sys. AG v. Samsung Elecs. Corp., 2010 WL 5080570, at *3 (D.N.J. Dec. 7, 2010).

Contending that *ex parte* reexaminations can be lengthy proceedings, Robern argues that it will be prejudiced by a stay of the proceedings because it has not had the ability to preserve evidence through discovery or witness depositions and that evidence may be lost through spoliation. Robern also maintains that Glasscrafters's choice of *ex parte* reexamination over *inter partes* review evidences Glasscrafters's footdragging in this case and casts suspicion on its motion to stay.

The Court is not persuaded that a stay of the action would unduly prejudice Robern or give Glasscrafters a clear tactical advantage in this litigation. See WABCO, 2010 WL 2628335, at *2. First, Robern's legal and equitable claims will be available if the '884 patent survives *ex parte* reexamination and the stay is lifted. Robern's concern for the potential loss of evidence upon imposition of the stay is speculative, and in any event, could be cured. This unlikely circumstance certainly does not outweigh the benefits of the stay. To the extent the patent survives reexamination and Robern, in its prosecution of the case, discovers that Glasscrafters negligently or intentionally destroyed evidence supporting a claim of infringement, Robern will have an opportunity to redress any such wrong, including seeking an adverse inference or other appropriate relief against

Glasscrafters at trial under a spoliation theory. See <u>Mosaid Techs. Inc. v. Samsung Elecs. Co.</u>, 348 F. Supp. 2d 332 (D.N.J. 2004).

Second, there is nothing in the record that would suggest that Glasscrafters's choice to seek an *ex parte* reexamination was strategic to delay the litigation. It is possible that a complete USPTO reexamination of claims 1-5 and 8 of the '884 patent may result in the cancellation of all claims and consequently resolve the case in its entirety. Thus, Glasscrafters's choice to pursue this avenue of reexamination is not unusual and may ultimately expedite the resolution of this matter. Furthermore, Glasscrafters has persuasively explained that as a small entity the cost savings afforded by the much less expensive *ex parte* reexamination (as compared to the *inter partes* review) was a real and important consideration in it decision to file with the USPTO. (Malagiere Certif. Ex. A; Reply Brief at 6.) Thus, Glasscrafters's choice of reexamination over review does not suggest Glasscrafters acted in bad faith with the purpose to delay the case.

Lastly, there are no non-patent infringement claims alleged in the Amended Complaint. Therefore, a stay pending the outcome of the *ex parte* reexamination would have no bearing on claims which are unrelated to the patent at issue. In sum, the Court finds any disadvantages from the inherent delay of a stay are outweighed by advantages of allowing the USPTO to complete a reexamination before proceeding with this action.

See ICI Uniqema v. Kobo Prods., Inc., 2009 WL 4034829, at *2 (D.N.J. Nov. 20, 2009). Therefore, this factor weighs in favor of a stay.

### B. Simplification of the issues

The second factor the Court considers in analyzing Glasscrafters's motion to stay is "whether a stay will simplify the issues in question and trial of the case." Stryker Trauma, 2008 WL 877848, at *1.  The USPTO's reexamination may simplify the litigation by the cancellation, clarification, or limitation or claims" which may dispense with the need to litigate whether Glasscrafters has infringed on Robern's patent. Ethicon, 849 F.2d at 1428.

Glasscrafters argues that the USPTO's historical statistics regarding reexamination suggest a high probability that some or all of the claims at issue will be cancelled. Glasscrafters also argues that '884 patent is currently expired,[3] not subject to amendment in the *ex parte* proceedings, and that therefore some or all of the claims at issue will not survive reexamination.  Thus, Glasscrafters maintains that a stay is warranted because reexamination will likely result in cancellation of some or all of claims 1-5 and 8 of the '884 patent resulting in streamlining of the litigation, or perhaps ending it.

In opposition, Robern argues that reexamination will not narrow or simplify the disputed issues in this case.  Noting that the USPTO has not issued any action, Robern

---

[3]Glasscrafters represents that the '884 patent claims cannot be amended in the current *ex parte* reexamination because the '884 patent was filed on August 20, 1997 as a continuation of application No. 08/685,131 filed July 24, 1996, and as such is currently expired.  (Reply Br. at 5, n. 2 (citing Am. Compl., Ex. A.))

claims that Glasscrafters's argument the the USPTO will dispose of the claims is conjecture and states that there is only a slim chance that all claims will be cancelled. Robern also maintains that the issues will not be simplified because if the claims survive reexamination, Glasscrafters is not estopped from relying on the same prior art and arguments it submitted to the USPTO in litigating the case here. Robern further maintains that the reexamination proceedings will not result in simplification of the issues because the USPTO will not address the basis of Glasscrafters's asserted invalidity defenses and counterclaims. Finally, Robern states that it is considering seeking leave to assert various non-patent related claims.

     The Court finds that this factor weighs in favor of a stay. First, the reexamination proceedings may dispose of one or more of the claims which are the basis for this action, thus simplifying the case, at least in part, without action by the Court. It is conceivable that given the USPTO's historical statistics for patent reexamination cited by Glasscrafters, one or more of the claims under review will be canceled. In fact, the likelihood for cancellation of one or more of the claims may be increased due to the fact that the '884 patent is expired and not subject to amendment in the *ex parte* reexamination proceedings. Consequently, these expired claims will not be given their "broadest reasonable interpretation" consistent with the specifications during reexamination. See In re Rambus, 753 F.3d 1253, 1255-56 (Fed. Cir. 2014) (if a reexamination involves claims of an expired patent, a claim is not subject to amendment and the USPTO applies the

claim construction principles outlined in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005)). Moreover, the USPTO need not reject all of the asserted claims to justify the imposition of a stay here as the case will be simplified even if only some of the claims are canceled. See Indus. Tech. Research Inst. v. LG Elecs. Inc., 2013 WL 5180108, at *8 (D.N.J. Sept. 12, 2013) (The Court need not find that all issues be eliminated by reexamination to grant a stay; the fact that reexamination may simplify the litigation is a sufficient reason to grant a stay.).

Given the strong possibility that the reexamination by USPTO will simplify the litigation, the Court finds that this factor weighs in favor of a stay. To the extent Robern believes it has other non-patent related claims against Glasscrafters, it may assert them in a separately filed action.

### C. Stage of the Proceedings

The third factor the Court considers in evaluating Glasscrafters's motion for a stay is "whether discovery is complete and whether a trial date has been set." " Stryker Trauma, 2008 WL 877848, at *1. This factor weighs against a stay often when the case is in the "late stage of litigation, [when] discovery was or would be almost completed, or the matter had been marked for trial." Mondis Technology Ltd., 2015 WL 7012747, at *5 (quoting GPAC, Inc. v. D.W.W. Enterprises, Inc., 144 F.R.D. 60, 64 (D.N.J.1992)).

This case is still in its early stages. While the Glasscrafters's dispositive motion was pending, the parties exchanged infringement and invalidity contentions, and

responses thereto.  A scheduling order has not been entered in this case and discovery has not begun in earnest.  No trial date has been set and the litigation is as a practical matter in its infancy.  Basically, the case has not advanced much beyond the pleading stage–there has been limited discovery, no claim construction proceedings and a trial date has not been set.  See Monosol RX, LLC v. Biodelivery Sciences Intern'l, Inc., 2012 WL 762501 (D.N.J. Mar. 7, 2012) (citations omitted).  For these reasons, this factor weighs in favor of a stay.

## CONCLUSION

For the reasons stated above, Glasscrafters's motion to stay this action pending the completion of the reexamination by the USPTO is **granted**.  A separate Order accompanies this Opinion.

       s/Mark Falk
       **MARK FALK**
       **United States Magistrate Judge**

**DATED: January 13, 2017**